## L. KEESEE v. THE STATE.

1. THEFT of a gelding is theft of "a particular kind of property, where the punishment is specially prescribed," within the meaning of Article 758 of the Penal Code (Pasc. Dig., Art. 2396), and is, therefore, not within the purview of the two preceding Articles, 756 and 757.

2. SAME—CHARGE OF THE COURT.—In a trial for theft of a gelding, the court below instructed the jury as to the penalty for theft of a mare, omitting to instruct them as to the theft of a gelding. *Held,* error.

APPEAL from the District Court of Washington. Tried below before the Hon. E. B. TURNER.

The case is stated in the opinion.

*Williams & Billingslea,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J.   The judgment rendered in this case must be reversed on account of error in the charge of court below to the jury.

The first portion of the charge is simply intended as a definition of the crime of theft of personal property generally, and is inapplicable to this case as made by the indictment and the evidence. What is said in Articles 756 and 757 of the Penal Code (Pasc. Dig., Arts. 2394, 2395) has no applicability to this case, because by the succeeding Article it is provided that "the two preceding Articles do not apply to theft of property from a house or from the person, nor to cases of theft of a particular kind of property, where the punishment is specially prescribed." Pasc. Dig., Art. 2396.

By the 765th Article of the Penal Code the offense here charged—theft of a gelding—is by law a case of theft of a particular kind of property, where the punishment is spe-

cially provided, namely, confinement in the penitentiary not. less than five years nor more than fifteen years.   Pasc. Dig.,. Art. 2409.

But the particularly objectionable feature of the charge is that portion which fixes the punishment.   The indictment is for the theft of a gelding, and the evidence shows that the animal was a gelding.   This is made a separate and dis-- tinct offense, having its proper punishment affixed ; yet the· charge does not instruct the jury as to the punishment affixed to the crime of theft of a gelding, but charges as to· the punishment for theft of a mare, which is also a separate· and distinct offense from that of theft of a gelding.   See· Art. 2409, above referred to.

It has been held that the word " horse," not being used· in its generic sense in the Article above referred to, did not. include " gelding, mare, or colt."   This being true, we must. hold, and for equally as good reason, the word " mare " was not intended to include " gelding."   *Banks* v. *The· State*, 28 Texas, 647.

It must not be amiss to state further that from our under-- standing of the evidence, as shown by the record, the judge might with propriety have given the accused the benefit of' an instruction on the subject of reasonable doubt.

Because of error in the charge of the court, the judgment. is reversed and cause remanded.

*Reversed and remanded.*